

FILED
DEC 29 2011
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                              Case No. 11-19099-A-7

PAULO JORGE FURTADO and
MELODIE A. FURTADO

        Debtor.
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
DEPOSIT OF "RENTAL" FUNDS**

Paulo and Melodie Furtado filed a chapter 13 case on August 12, 2011. They are not represented by an attorney in their bankruptcy case. Their petition was incomplete but it did include a "certification by a debtor who resides as a tenant of residential property." In that certification, they checked all four boxes indicating that Federal National Mortgage Association "has a judgment against the debtor for possession of the debtor's residence; debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and; debtor has included with this petition the deposit

1

with the court of any rent that would become due during the 30-day period after the filing of the petition. Debtor certifies that he/she has served the Landlord with this certification."

However, despite debtors' checking the box that they had included with the petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition, in fact no rental deposit was received by the court at the time the case was filed.

On August 26, 2011, the Furtados filed the balance of the documents required to be filed with the petition, and on that same date they converted their case to chapter 7. Schedule A filed August 26, 2011, shows that the debtors own no real property. In Schedule G for executory contracts and unexpired leases, they show Federal National Mortgage Association as the lessor under a five year residential lease on property located at 1904 East Sandalwood Avenue, Tulare, California.

On September 23, 2011, Federal National Mortgage Association filed a motion for relief from the automatic stay. A hearing on the motion was set for November 2, 2011. The motion alleges that Federal National Mortgage Association obtained ownership of the property at a prepetition foreclosure sale. While the motion does not explicitly so state, it is clear from the exhibits in support of the declaration of Aalia Sonawalla that moving party's predecessor in interest was the lessor under a lease with the debtors. See Exhibit "1."

According to the evidence in support of the motion, the lease became in default, and in May 2011, Federal National Mortgage Association served a three day notice to pay rent or

quit on the debtors.  Debtors failed to pay the rent, and the complaint for unlawful detainer was filed, a judgment issued, and a writ of possession issued pursuant to the unlawful detainer judgment on August 11, 2011.

The bankruptcy case, of course, was filed August 12, 2011.

Although the notice of the motion for relief from stay required that any opposition be in writing and served and filed fourteen days before the hearing, the debtors never filed any written opposition to the motion for relief from stay.  However, on September 30, 2011, they filed a "Notice to Lessor Regarding Rental Deposit," showing that they had deposited rent for the month of September 2011 in the amount of $1,000 with the Clerk of the Court, "to be held in trust pursuant to 11 U.S.C. § 362(l)(2)."  That deposit was made on September 30, 2011.

A hearing on the motion for relief from stay was held on November 2, 2011, and was resolved without argument, due to the lack of written opposition.  No one appeared at the hearing.  On November 14, 2011, an order granting the motion for relief from stay was entered.  The debtors received their discharge on December 13, 2011.

Bankruptcy Code § 362(b)(22) provides that the filing of a bankruptcy petition does not create an automatic stay of the continuation of any unlawful detainer proceeding by a lessor against a debtor involving residential real property "in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor."

There is an exception to the mandate of § 362(b)(22). That exception is found in § 362(l). Under subsection (l), the debtor has an opportunity to file and serve upon the lessor a certification that there are circumstances under which the debtor would be permitted to cure the monetary default that gave rise to the judgment for possession and that the debtor has deposited with the clerk of court any rent that would become due during the thirty day period after filing the bankruptcy petition. If the debtor does those things in a timely manner, then § 362(b)(22) will not apply until thirty days after the date the petition was filed. Within that thirty day period, the debtor can file a further certification about cure of the default, and if all the requirements are met, subsection (b)(22) will not apply in the case.

In this case, the debtor did make the certification with the petition as contemplated by § 362(l)(1). However, the certification that a deposit of rent had been made was not accurate. In fact, the deposit of rent was not made until September 30, 2011, which was more than thirty days after the date the petition was filed. Therefore, § 362(b)(22) applied from the date the petition was filed.

For the above reasons, the deposit of $1,000 on September 30, 2011, was of no benefit to the debtors. Even had the debtor filed a written opposition to the motion for relief from the automatic stay, pointing out that they had deposited $1,000 on September 30, 2011, the motion for relief from stay would still have been granted, given that under § 362(b)(22), there was no stay in any event.

4

1  For all the above reasons, the court will order, separately,
2  that the funds deposited shall be returned to the debtors.
3

Dated:

Dec 29, 2011

*[signature]*
United States Bankruptcy Judge